The order below is hereby signed.

Signed: November 23 2021



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | Case No. 21-00062-ELG |
| **Johnnie Odessa Johnson,**<br>    Debtor. | Chapter 7 |
| **Candice-Williams Johnson, and**<br>**Gregory L. Johnson,**<br>    Plaintiffs, | Adv. Pro. 21-10014 |
| v. | |
| **Johnnie Odessa Johnson,**<br>    Defendant. | |

**MEMORANDUM DECISION ON MOTION FOR**
**SUMMARY JUDGMENT AS TO COUNT I OF THE COMPLAINT**

Before the Court is the *Motion for Summary Judgment as to Count I of the Complaint to Determine Dischargeability of Debt* (ECF No. 9) (the "Motion") filed by Plaintiffs Candice-Williams Johnson and Gregory L. Johnson (collectively the "Plaintiffs") and the Debtor's *Opposition to the Motion* (ECF No. 23) (the "Response"). The Court held a hearing on the Motion on September 29, 2021 and after the hearing authorized supplemental briefing on the narrow question of the applicability of the Supreme Court decision in *Husky Int'l Elecs., Inc. v. Ritz*[1] on

---
[1] 136 S. Ct. 1581 (2016).

the analysis of actual fraud under 11 U.S.C. § 523(a)(2)(A).[2] Johnnie Odessa Johnson (the "Debtor"), by prior counsel, timely filed her *Post-Hearing Memorandum in Opposition to Plaintiffs Motion for Summary Judgment as to Count I of the Complaint* (ECF No. 29) on October 18, 2021. On October 29, 2021, the Plaintiffs timely filed their *Reply to Debtor's Post-Hearing Memorandum* (ECF No. 32). Upon consideration of the Motion, the Response, arguments made at the September 29, 2021 hearing, the post-hearing briefs, and for the reasons stated herein, the Court finds that there is no issue of material fact and the Plaintiff is entitled to summary judgment as to Count I of the Complaint.

## I. Background[3]

The undisputed material facts in this case as to Count I originate primarily from the findings of the Superior Court of the District of Columbia (the "Superior Court") after a trial on the merits. *See Candice Williams-Johnson v. Johnnie Johnson*, No. 2018 CAR 5067 (D.C. Super. Ct. Feb. 22, 2021). The Superior Court Complaint and February 22, 2021 transcript were attached to the Motion and are properly considered under Bankruptcy Rule 7056(c). The Debtor's Response raises challenges to portions of these documents, however, the Debtor failed to attach any materials in support of her position. *See* Fed. R. Bankr. P. 7056(c). Therefore, the Court finds that the facts as set forth in the Transcript are undisputed as to the Superior Court's findings and judgment. While

---

[2] In the intervening time between the original hearing and the deadline for supplemental briefing, the Debtor's counsel, who were appointed by this Court from the pro bono panel, filed a motion to withdraw as counsel. Despite the pending motion to withdraw, former counsel timely filed a brief prior to the entry of the Court's order approving their motion to withdraw.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

the findings of the Superior Court are clearly set forth in its oral ruling issued on February 22, 2021,[4] the Court summarizes them herein for the purposes of this Memorandum Opinion.[5]

Both the Superior Court case and the Complaint herein arise out of the sale of property located at 2325 Third Street NE, Washington, DC 20002 (the "Property") originally owned by Helen Darden Owens. In 1998, Plaintiff Williams-Johnson became a joint tenant owner of the Property with Ms. Owens. In 2000, the Debtor obtained a joint tenant interest in the Property with Ms. Owens and Plaintiff Williams-Johnson. Finally, in 2002, the Debtor deeded half of her interest in the Property to Plaintiff G. Johnson. As a result, the Plaintiffs and the Debtor owned the Property as tenants in common from 2002 to 2017. *See* Pl.'s Mot. Summ. J. Ex. A, ECF No. 9. Specifically, Plaintiff Williams-Johnson owned a one-half interest in the Property, Plaintiff G. Johnson owned a one-fourth interest in the Property, and the Debtor owned a one-fourth interest in the Property. Pl.'s Mot. Summ. J. Ex. B, Trial Tr. at 10:1–15, ECF No. 9. During the trial process in the Superior Court, the Plaintiffs and Debtor entered into a binding stipulation with respect to the various ownership interests in the Property over time. *Id.* at 7:4–20.

In September 2017, the Debtor caused the Property to be sold to an unrelated third party and, as part of the sale, signed the deed of sale on behalf of herself individually and the Plaintiffs as their attorney-in-fact. *Id.* at 11:5–24. However, the powers-of-attorney for the Plaintiffs, which enabled the Debtor to sign the deed on behalf of the Plaintiffs, were forged by the Debtor. *Id.* at 13:17–22. Thus, while the deed executed at the sale reflected that the Property was transferred to the purchaser from all three parties (the Debtor, Plaintiff Williams-Johnson, and Plaintiff G.

---

[4] The Superior Court indicated in its oral ruling that a written order memorializing its judgment on the record was forthcoming, however, the Debtor filed her chapter 7 petition two days later preempting that entry. *See* Pl.'s Summ J. Ex. B, Trial Tr. at 27:1–5, ECF No. 9. Nevertheless, the Court can rely upon the transcript of the oral ruling in this matter.

[5] *Leon v. Rabalais (In re Rabalais)*, 2012 Bankr. LEXIS 55 at *10 (Bankr. S.D. Tex. 2012) (noting that a bankruptcy court "may look to the state court transcript in determining whether collateral estoppel applies.").

Johnson), the Debtor was the only party to actually authorize the sale. *Id.* at 12:1–5. The Plaintiffs neither knew of the sale nor authorized the Debtor to complete the sale on their behalf. *Id.* at 16:19–23. Further, despite the Property being jointly held by the three parties, upon completion of the sale the Debtor kept 100% of the proceeds. *Id.* After trial, the Superior Court found that "despite the fact the property was owned by all three parties, in 2017 just one party, the defendant Johnnie Johnson, sold the property and kept all the proceeds of the sale for herself." *Id.* at 19:10–15. Although this went unaddressed by the Superior Court in its ruling, the Plaintiffs allege in their papers here that the Debtor further used the sale proceeds to purchase a residence located at 3918 Southern Ave, Unit A, Washington, D.C. (the "Second Property"). *See* Compl. at ¶ 31, ECF. No 1.

After trial the Superior Court applied the elements of fraud under District of Columbia law to the Debtor's conduct, finding:

> First, [the Debtor] made a false representation regarding her right to sell the property claiming that she had been given attorney-in-fact authority by the other owners, despite the fact that the authority was knowingly based on forged documents; secondly, her assertion that she had that authority represented a material fact; no sale of the property was possible otherwise; third, [the Debtor] made this assertion knowing it was false. She knew that [the Plaintiffs] had ownership interest and I find that she knew that their purported assignment under the power-of-attorney agreements were bogus; fourth, she did so with the intent to deceive so that she could sell the property and keep the proceeds for herself; and fifth, the property was sold and deeded to a third-party as a result.

*Id.* at 20:16–25, 21:1–7. The Court went on to find that the Debtor "knowingly use[d] a forged power of attorney agreement to effect the sale of property that she was only a one-quarter owner of . . . keep[ing] all the proceeds for herself, [which] satisfies the elements of fraud." *Id.* at 20:1–11. Thus, the Superior Court found that the Plaintiff's had presented evidence sufficient to prove all the elements of fraud under District of Columbia law by clear and convincing evidence. *Id.* at 23:1–3; *see also Williams v. District of Columbia*, 902 A.2d 91, 94 & n.4 (D.C. 2006).

After finding that the Debtor had defrauded the Plaintiffs, the Superior Court addressed the issue of damages as a result the decision it had reached. The sale of the Property generated $252,000 in net proceeds after paying off the balance of the loan on the Property.[6] Therefore, the Superior Court held that plaintiff Williams-Johnson was entitled to $126,000, and the Debtor and Plaintiff G. Johnson were entitled to $63,000, in proportion to their ownership interests. *Id.* at 24:1–4. In addition to the allocation of net proceeds, the Superior Court awarded the Plaintiffs each an additional $5,000 in punitive damages as a result of the Debtor's willful disregard for the Plaintiffs' property rights. *Id.* at 26:3–10. Accordingly, the Superior Court oral ruling granted judgment in favor of the Plaintiffs totaling $199,000 – $131,000 for Plaintiff Williams-Johnson and $68,000 for Plaintiff G. Johnson (the "Judgment"). *Id.* at 26:13–18. The Superior Court ruled that the Debtor would be entitled to retain $53,000 of the sale proceeds, representing her one-fourth interest less the $10,000 punitive damages award. *Id.*

On February 26, 2021, four days after the issuance of the Superior Court's oral ruling and judgment, the Debtor filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code.[7] On June 1, 2021, the Plaintiffs timely filed their Complaint seeking a determination of the dischargeability of the Judgment and the imposition of a constructive trust in the Second Property allegedly purchased by the debtor from the proceeds of the sale of the Property. Compl. at ¶ 26. The Plaintiffs subsequently filed the instant Motion, arguing that no genuine issue of material fact exists as to Count I.[8] In the Motion, the Plaintiffs assert that due to the Superior Court Judgment

---

[6] As the Superior Court noted, the payoff of the loan on the Property benefitted only the Debtor and could have resulted in a different distribution calculation, but the Plaintiff's requested the Superior Court base its judgment determination off of a figure of $252,000 of net proceeds.

[7] Title 11 of the United States Code, 11 U.S.C. §§ 101–1532. All section references herein are to the Bankruptcy Code, unless stated otherwise.

[8] Plaintiffs filed the Motion before an answer to the Complaint was filed. Notably, as of this Order, the Debtor has yet to file an answer as to either Count I or II, even though a reply to the Motion was filed.

there can be no issues of material fact and the Superior Court's oral ruling and judgment preclude the re-litigation of whether the Debtor's actions constitute fraud under § 523(a)(2)(A) such that they are entitled to judgment as a matter of law on Count I.

## II. Analysis

### a. *Summary Judgment Standard*

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). *See* Fed. R. Bankr. P. 7056 ("Rule 56 F.R.C.P. applies in adversary proceedings.")[9] Under Bankruptcy Rule 7056, a court should grant a motion for summary judgment where "the movant shows that there is no issue of material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Bankr. P.7056(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material where it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, a court must draw all reasonable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Evans v. Sebelius*, 716 F.3d 617, 619 (D.C. Cir. 2013). However, "[i]f the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

---

[9] Pursuant to Local Bankr. R. 7056-2, "[a]ny motion seeking summary judgment when the non-moving party is without counsel shall include a notice conforming substantially to Official Form 420A." As the Motion was filed prior to the appointment of pro bono counsel, Plaintiffs filed the required notice on July 28, 2021 at ECF No. 11.

b. *No Issue of Material Fact*

As noted *supra*, the Plaintiffs filed with their Motion the Superior Court Complaint and the Superior Court Transcript. In contrast, while the Debtor filed her Response to the Motion, she has not filed any evidence to support the contentions contained therein.[10] Absent any evidence, the Court cannot accept the Debtor's mere assertions a sufficient to raise an material issue as to the factual allegations in the Complaint. Therefore, the only substantive evidence offered in this case is that which is attached to the Plaintiffs' Motion to which there is no issue of material fact.[11] Thus, summary judgment in this case hinges solely on whether, given the Superior Court's ruling and the evidence submitted herein, the Plaintiffs are entitled to judgment as a matter of law.

c. *Nondischargeability of Debt for Actual Fraud Under § 523(a)(2)(A)*

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank*, 549 U.S. 365, 367 (2007) (quoting *Grogan* v. *Garner*, 498 U.S. 279, 286-87 (1991)). Exceptions to the dischargeability of a debt are narrowly construed against a creditor's objections and "should be confined to those plainly expressed in the Code." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 275 (2013) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)). Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false statement, or actual fraud." A debt under § 523(a)(2)(A) is discharged unless, as required by § 523(c)(1), upon the request of the creditor to whom the debt is owed, the court determines that the debt is excepted from discharge. A creditor seeking to except a debt from

---

[10] In her papers, the Debtor asserts that she was unaware that the Plaintiffs retained an interest in the Property until the closing process of the 2017 sale and that, until then, she believed she was the sole owner. *See* Opp. Mot. Summ. J. at ¶ 4, ECF No. 23.

[11] However, the Court will still evaluate the factual allegations of the Plaintiff's in the light most favorable to the Debtor.

discharge under § 523(a)(2)(A) bears the burden of establishing the necessary elements by a preponderance of the evidence. *Grogan*, 498 U.S. at 291.

In Count I and the Motion, the Plaintiffs seek to except the Superior Court Judgment from discharge solely under the actual fraud element of § 523(a)(2)(A). Therefore, the Court limits its analysis to actual fraud and does not consider whether the debt arises from false pretenses or a false statement by the Debtor. To establish a claim for actual fraud under § 523(a)(2)(A), a plaintiff must show that: (1) the debtor committed actual fraud; (2) the debtor obtained money, property, services, or credit as result; and (3) the resulting debt arises from the actual fraud. *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1589 (2016). While the Supreme Court in *Husky* did not define exactly what constitutes actual fraud under § 523(a)(2)(A), it did state that the term "actual fraud" "denotes any fraud that involves moral turpitude or intentional wrong," does not require a false representation, and includes other forms of fraud such as fraudulent conveyance schemes. *Id.* at 1586 (quoting *Neal v. Clark*, 95 U.S. 704, 709 (1878)). Stated another way, actual fraud is found where a party employs "deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another – something said, done or omitted with the design of perpetuating what is known to be a cheat or deception." *Smith v. Johnson-Battle (In re Johnson-Battle)*, 599 B.R. 769, 783 (Bankr. D.N.J. 2019). For the purposes of actual fraud under § 523(a)(2)(A), a claimant must establish that the debtor's relevant conduct involved "moral turpitude or intentional wrong." *Husky Int'l Elecs., Inc.*, 136 S. Ct. at 1586. Once fraud is established, in order to be entitled to a judgment under § 523(a)(2)(A) the creditor must show that the Debtor received "money, property, services, or . . . credit," as a result of the fraud. *See Hatfield v. Thompson (In re Thompson)*, 555 B.R. 1, 13 (10th Cir. BAP 2016).

d.  **The Preclusive Effect of the Superior Court Judgment and the Debtor's Actual Fraud Under § 523(a)(2)(A)**

The Plaintiffs assert that the Judgment rendered by the Superior Court is entitled to preclusive effect as to the determination of the Debtor's fraud in this Adversary Proceeding. Pl.'s Mot. Summ. J. at ¶ 13, ECF No. 9. A bankruptcy court may apply the doctrine of issue preclusion to an existing state court judgment as the basis for granting summary judgment in a nondischargeability action. *Grogan*, 498 U.S. at 284-85; *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 832 (9th Cir. BAP 2006). In doing so, bankruptcy courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State [sic] in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). An issue is precluded if:

> [t]he same issue . . . being raised [was] contested by the parties and submitted for judicial determination in the prior case, the issue [was] actually and necessarily determined by a court of competent jurisdiction in that prior case, [and] preclusion . . . [does] not work a basic unfairness to the party bound by the first determination.

*Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)). To determine whether issue preclusion is applicable and appropriate, the court must analyze the similarities and differences between the claims in the state court action and the nondischargeability action. *Id.*

In this case, the Complaint and Motion assert that the Superior Court's ruling as to the Debtor's fraud under District of Columba law rises to the level of actual fraud required for a finding of nondischargeability under § 523(a)(2)(A). *See* Compl. at ¶¶ 17–23, ECF. No. 1; Mot. Summ. J. at ¶ 25, ECF No. 9. As noted in the Superior Court's oral ruling, a claim for fraud under the law of the District of Columbia requires a finding upon clear and convincing evidence of: "(1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the

intent to deceive, and (5) action is taken in reliance upon the representation." *Bennett v. Kiggins*, 377 A.2d 57, 59-60 (D.C. 1977); *see also Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1131 (D.C. 2015).

In contrast, a claim for actual fraud pursuant to § 523(a)(2)(A) is successful where the plaintiff establishes by a preponderance of the evidence that a debtor obtained money or property through actual fraud. *Husky*, 136 S. Ct. at 1589; *see Grogan*, 498 at 291. Actual fraud is found where a debt arises from "a debtor's intentional engagement in a 'scheme to deprive or cheat another of property or legal right.'" *Lenox Pines, LLC v. Smith (In re Smith)*, 2021 Bankr. LEXIS 837 at *20 (Bankr. N.D. Ga. 2021) (quoting *In re Alvarado*, 608 B.R. 877, 884 (Bankr. W.D. Okla. 2019)). Even though the test for common law fraud and § 523(a)(2)(A) actual fraud are not identical, each measures whether an individual acted with the intent to deceive another for her own pecuniary gain. Therefore, while the exact elements of fraud under District law and actual fraud are not identical, the clear and convincing evidence standard necessary to prove a claim of fraud under District of Columbia law is more stringent than the preponderance of the evidence standard applied for consideration of nondischargeability under § 523(a)(2)(A).

### III. Conclusion

The Superior Court held that the Debtor committed fraud when she knowingly sold the Property by using forged powers of attorney for the Plaintiffs and then retained all the net sales proceeds. Pl.'s Mot. Summ. J. Ex. B, Trial Tr. at 19:1–15, ECF No. 9. In rendering its judgment, the Superior Court considered the same facts as in this adversary proceeding and applied a stricter evidentiary standard than this Court would apply in a trial on the merits under § 523(a)(2)(A). Therefore, because the same underlying issue as in Count I of this adversary proceed was raised in the Superior Court and submitted for judicial determination by a court of competent jurisdiction,

the Superior Court Judgment has preclusive effect in this case as to Count I and the Plaintiffs are entitled to judgment on Count I as a matter of law. *Martin v. Dep't of Justice*, 488 F.3d at 454. A separate order will issue pursuant to Rule 7058 of the Federal Rules of Bankruptcy Procedure.

[signed and dated above]

Copy to: All counsel of record; the Debtor.